United States District Court
Southern District of Texas

**ENTERED**

September 27, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWIN MARTINEZ-BRILIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-24-287 |
| | § | Criminal Action No. H-18-467-3 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

ORDER

Pending before the Court are Petitioner Edwin Martinez-Brilia's Motion
under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in
Federal Custody (Civil Document No. 1, Criminal Document No. 334), Petitioner
Edwin Martinez-Brilia's Letter Requesting Documents (Criminal Document No.
355),[1] and the United States' Response to Martinez-Brilia's 28 U.S.C. § 2255
Motion (Criminal Document No. 366). Having considered the motions, submissions,
and applicable law, the Court determines the United States' motion should be
granted and Martinez-Brilia's motions should be denied.

---

[1] On May 23, 2024, the Petitioner filed a letter purporting to request various
documents. The Court construes the letter as a motion. *See Petitioner Edwin Martinez-
Brilia's Letter Requesting Documents*, Criminal Document No. 355 at 1.

## I. BACKGROUND

Petitioner Edwin Martinez-Brilia ("Martinez-Brilia") was part of a "rip crew" made up of four individuals. A Confidential Informant ("CI") approached one of Martinez-Brilia's codefendants and proposed that the rip crew steal narcotics from a purported stash house.[2]  Police set up the "stash house," which they outfitted with hidden video cameras and stocked with 30 kilograms of sham cocaine and roughly 60 grams of real methamphetamine.[3] On October 23, 2017, Martinez-Brilia drove the three codefendants to the stash house and served as the "getaway driver" while the three codefendants broke into the house. Martinez-Brilia tried to drive away from the scene once the police moved in but was blocked by a police car.[4] A subsequent search of the vehicle Martinez-Brilia was driving revealed a 9mm pistol on the floorboard near the driver's seat.[5]

The United States charged all four men in a 14-count indictment.  Martinez-Brilia was charged with: conspiracy to interfere with commerce by robbery (Count 1); conspiracy to possess with intent to distribute a controlled substance (Count 2); aiding and abetting possession with intent to distribute a controlled substance, and

---

[2] *Jury Trial Day 3 Transcript*, Criminal Document No. 295 at 165:6–168:3.

[3] *Jury Trial Day 3 Transcript*, Criminal Document No. 295 at 205:1–4.

[4] *Jury Trial Day 3 Transcript*, Criminal Document No. 295 at 214:3–215:25.

[5] *Jury Trial Day 3 Transcript*, Criminal Document No. 295 at 214:2–15.

counterfeit controlled substance (Count 3); aiding and abetting attempted possession with intent to distribute a controlled substance (Count 4); using and carrying a firearm during and in relation to a crime of violence and drug trafficking crime (Count 5); conspiracy to use, carry, or possess a firearm during and in relation to a drug trafficking crime and crime of violence (Count 6); illegal alien in possession of a firearm (Count 10); and illegal re-entry (Count 13).[6] Halfway through a ten-day trial, one of the codefendants chose to plead guilty and testified against Martinez-Brilia and the remaining codefendants. Martinez-Brilia was convicted on all the counts he was charged with. This Court sentenced him to 204 months incarceration, five years of supervised release, and an $800.00 special assessment.

Martinez-Brilia appealed his conviction on two grounds: (1) that this Court erroneously denied his *Batson* challenge to the United States' striking of two Hispanic venire members; and (2) the evidence was insufficient to support his conviction for conspiracy to interfere with commerce by robbery. *See United States v. Martinez-Brilia*, No. 21-20386, 2022 WL 6316523 (5th Cir. Oct. 10, 2022) (unpublished). The Fifth Circuit Court of Appeals rejected the claims and affirmed

---

[6] *Indictment*, Criminal Document No. 1 at 1–13.

3

the conviction, and Martinez-Brilia did not to seek certiorari from the Supreme Court.[7]

On January 8, 2024, Martinez-Brilia filed his motion to vacate under 28 U.S.C. § 2255 ("Section 2255").[8] On February 6, 2024, Martinez-Brilia requested leave to amend his Section 2255 Motion.[9] On February 29, 2024, the Court granted Martinez-Brilia 60 days to amend his Section 2255 motion and ordered the United States to respond after an additional 60 days.[10] Subsequently, Martinez-Brilia sent letters construed as requests for various documents, but he did not amend his Section 2255 motion. On June 28, 2024, well after the Court's deadline to amend, the United States filed its response requesting this Court to dismiss the Section 2255 motion with no further proceedings.[11]

---

[7] *United States' Response to Martinez-Brilia's 28 U.S.C. § 2255 Motion*, Criminal Document No. 366 at 4.

[8] On January 8, 2024, Martinez-Brilia's certified he placed his Section 2255 in the prison postal system. Accordingly, per the prison mailbox rule that is the date the Court considers and therefore, the Section 2255 motion is timely. *See Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *also see Petitioner Edwin Martinez-Brilia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 334 at 1–14.

[9] *Motion for Leave to Amend and Extension of time To Do So*, Criminal Document No. 339 at 1–3.

[10] *Order*, Criminal Document No. 342 at 1.

[11] *United States' Response to Martinez-Brilia's 28 U.S.C. § 2255 Motion*, Criminal Document No. 366 at 1–24. *United States' Memorandum in opposition to § 2255 Motion*, Criminal Document No. 197 at 1–21. *Also see, United States* v. *Green*, 882 F.2d 999, 1008

## II. STANDARD OF REVIEW

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Even if a defendant alleges a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. *United States v. Frady*, 456 U.S. 152, 167 (1982); *see also United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the objection was not made at trial or on direct appeal and show "actual prejudice" was suffered from the alleged errors. *Frady*, 456 U.S. at 167. To prove "cause," a petitioner must show an external obstacle prevented him from raising his claims either at trial or on direct appeal. *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To prove "actual prejudice," the petitioner must show he has suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170.

To succeed under the "cause" and "actual prejudice" standard, a petitioner must meet a "significantly higher hurdle" than the plain error standard required on

---

(5th Cir. 1989) (holding, where a defendant's § 2255 claims are "either contrary to law or plainly refuted by the record," a court may deny them without an evidentiary hearing).

direct appeal. *Id.* at 166. This higher standard is appropriate because once the petitioner's chance to direct appeal has been exhausted, courts are allowed to presume the petitioner was fairly convicted. *Id.* at 164; *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (presuming defendant to be fairly and finally convicted after direct appeal). Ineffective assistance of counsel, if shown and applicable, will satisfy the requisite cause and prejudice. *Acklen*, 47 F.3d at 742. Additionally, a claim for ineffective assistance of counsel is properly brought for the first time in a § 2255 motion, *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).

### III. LAW & ANALYSIS

Martinez-Brilia moves, *pro se*, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on five grounds, contending that his trial counsel ("Trial Counsel") and appellate counsel ("Appellate Counsel") (collectively, "Counsel") rendered ineffective assistance of counsel. Additionally, Martinez-Brilia requests various documents such as transcripts and other documents on CM-ECF. The United States contends Martinez-Brilia has failed to show he is entitled to any discovery, and that all his claims in support of his Section 2255 motion fail.

## A.   Request for Documents

Martinez-Brilia requested various documents in a letter to the court, apparently to aid him in amending his Section 2255 motion.[12] The United States contends that Martinez-Brilia is not entitled to the documents and has failed to establish any good cause for them.

A movant under Section 2255 "is not entitled to discovery as a matter of ordinary course." *United States v. Fields*, 761 F.3d 443, 483 (5th Cir. 2014). Martinez-Brilia must establish "good cause" for discovery through "specific allegations" that show a "reason to believe that the [movant] may, if the facts are fully developed, be able to demonstrate that he is. . . entitled to relief." *Id.* Similarly, a defendant has no constitutional right to copies of records in a collateral proceeding. *United States v. Hagan*, 730 F. App'x 269, 270 (5th Cir. 2018) (unpublished); *see also United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993).

Here, the United States contends that Martinez-Brilia only makes conclusory assertions that he is seeking various court records and transcripts. The record does not show that Martinez-Brilia makes any "specific allegations" showing he is entitled to discovery or that the documents will show he is entitled to relief.[13] The

---

[12] *Petitioner Edwin Martinez-Brilia Letter Requesting Documents*, Criminal Document No. 355 at 1.

[13] *United States' Response to Martinez-Brilia's 28 U.S.C. § 2255 Motion*, Criminal Document No. 366 at 6–7.

United States further contends that Martinez-Brilia's request is nothing more than an impermissible "fishing expedition." *Hagan*, 730 F. App'x at 270; *Carvajal*, 989 F.2d at 170. Accordingly, the Court finds that Martinez-Brilia has failed to show he is entitled to any of the documents he requested regarding the filing of his Section 2255 motion. The Court now turns to Martinez-Brilia's Section 2255 motion.

B.   *Section 2255 Motion*

Martinez-Brilia moves, *pro se*, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on five grounds. Specifically, Martinez-Brilia contends: (1) Counsel failed to raise an actual innocence/alibi defense ("Claim One"); (2) Counsel failed to argue for severance from his codefendants ("Claim Two"); (3) Trial Counsel failed to seek a plea deal, and Appellate Counsel failed to raise the claim on appeal ("Claim Three"); (4) Appellate Counsel failed to seek a rehearing on direct appeal to add claims and to seek certiorari if the rehearing were denied ("Claim Four"); and (5) Trial Counsel failed to consider mitigating factors and present them to the court ("Claim Five"). The United States contends Martinez-Brilia has failed to show ineffective assistance of counsel on any ground.

The Court analyzes an allegation of ineffective assistance of counsel in a § 2255 motion under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). The movant must show his counsel's performance was both deficient and prejudicial to

prevail on an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700; *Willis*, 273 F.3d at 598. To show deficiency, the movant must show his counsel's assistance was outside a broad range of what is considered reasonable. *Strickland,* 466 U.S. at 669. To establish prejudice, the petitioner "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694). Thus, when a petitioner challenges his conviction, this issue is whether "a reasonable probability exists that the jury would have had a reasonable doubt as to guilt." *Hernandez v. Johnson*, 213 F.3d 243, 249 (5th Cir. 2000). "This is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result. *United States v. Wines*, 691 F.3d 599, 604 (5th Cir. 2012). "Counsel's errors must be 'so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687). The movant must prove both prongs of the analysis: counsel tendered deficient performance, and the movant suffered prejudice. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997). The Court addresses each of Martinez-Brilia's claims in turn.

*1.    Claim One*

Martinez-Brilia asserts that his Trial Counsel failed to raise a claim of actual innocence and investigate his alibi defense, and Appellate Counsel failed to raise the same issue on direct appeal.[14] The United States contends this claim is conclusory, contradicted by the record, and meritless.[15]

Here, Martinez-Brilia does not explain his alleged alibi or how counsel could have proven his innocence. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"). Martinez-Brilia contends he told Trial Counsel "he was not present at the alleged robbery as asserted by the conviction."[16] However, the record contains copious evidence to the contrary, including testimony from the cooperating codefendant and the fact that Martinez-Brilia was apprehended at the scene of the robbery.[17] The United States contends in

---

[14] *Petitioner Edwin Martinez-Brilia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 334 at 4.

[15] *United States' Response to Martinez-Brilia's 28 U.S.C. § 2255 Motion*, Criminal Document No. 366 10–11.

[16] *Petitioner Edwin Martinez-Brilia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 334 at 4.

[17] *Jury Trial Day 3 Transcript*, Criminal Document No. 295 at 286:22–288–2 and *Jury Trial Day 8 Transcript*, Criminal Document No. 300 at 17:19–25:6.

light of Martinez-Brilia's arrest at the scene, his post-arrest admission that he was present, and his co-defendant's testimony about his involvement in the robbery, any claim of innocence or alibi because he allegedly was not at the robbery is patently frivolous.[18] *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). The United States also contends that based on the record, any argument raising an alibi on direct appeal would have been meritless and an imprudent appeal strategy. Based on the foregoing, based on the record, Martinez-Brillia has failed to show Counsel was ineffective for not arguing he had an alibi. Accordingly, the Court finds that Claim One should be dismissed. The Court now turns to Claim Two.

2.    *Claim Two*

Martinez-Brilia Contends Trial Counsel's failure to not move for a severance of the codefendants was ineffective assistance of counsel.[19] Martinez-Brilia further contends Appellate Counsel was ineffective by not raising the severance issue on direct appeal. The United States contends Claim Two is both conclusory and fails under both prongs of *Strickland*.

---

[18] *United States' Response to Martinez-Brilia's 28 U.S.C. § 2255 Motion*, Criminal Document No. 366 at 11.

[19] *Petitioner Edwin Martinez-Brilia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 334 at 5.

"The federal judicial system evinces a preference for joint trials of defendants who are indicted together because joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012) "Accordingly, '[i]t is the rule' that persons indicted together are tried together." *United States v. Walker*, No. 22-30659, 2024 WL 640150, at *4 (5th Cir. Feb. 15, 2024) (unpublished) (quoting *McRae*, 702 F.3d at 821). "That rule is 'especially strong when the defendants are charged with committing the same conspiracy.'" *Id.* (quoting *United States v. Featherson*, 949 F.2d 770, 773 (5th Cir. 1991)).

Here, the record indicates that a joint trial was proper, and the presumed outcome based on the counts of conspiracy charged. "Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed." *United States v. Massey*, 79 F.4th 396, 401 (5th Cir. 2023). "Appellate counsel is responsible for making solid, meritorious arguments based on directly controlling precedent." *United States v. Owens*, 94 F.4th 481, 486 (5th Cir. 2024). Martinez-Brilia contends that severance would have limited the evidence admitted to the jury and would have likely resulted in a different

outcome.[20] The United States contends that Martinez-Brilia's claim is conclusory and that there is no evidence that a severance motion would be granted in light of the case precedent and facts of the instant case. Additionally, Counsel is not deficient for failing to follow a meritless strategy, failing to file a meritless motion, or choosing what they believe is the most prudent trial strategy. Further, nothing in the record indicated this Court would have granted a severance based on the facts of this case. As such, Martinez-Brillia also fails to show he was prejudiced as required in the second prong of *Strickland*. Accordingly, based on the record, Martinez-Brilia has failed to show that Counsel was constitutionally ineffective in relation to Claim Two. Therefore, the Court finds that Martinez-Brilia's Section 2255 motion as it relates to Claim Two should be dismissed. The Court now turns to Claim Three.

3.    *Claim Three*

Martinez-Brilia contends Trial Counsel was ineffective by failing to seek out a plea deal with the Government.[21] The United States contends this claim is without merit.

---

[20] *Petitioner Edwin Martinez-Brilia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 334 at 5.

[21] *Petitioner Edwin Martinez-Brilia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 334 at 7.

Martinez-Brilia argues that his codefendant's lower sentence prejudiced him after the codefendant pleaded guilty in the middle of the trial.[22] The record does not indicate, and Martinez-Brilia does not assert he ever directed Trial Counsel to seek a plea agreement.[23] Defense counsel does have a duty to communicate any formal offers made by the prosecution. *Missouri v. Frye*, 566 U.S. 134, 145 (2012). However, a "duty to communicate an offer once formally made does not entail a duty to *seek out* an offer in the first instance." *Robles-Pantoja v. United States*, No. DR-09-CR-088, 2015 WL 13534221, at *4 (W.D. Tex. Sept. 30, 2015) (Moses, J.). The United States further contends that Martinez-Brilia also fails to show he was prejudiced by Trial Counsel not seeking a plea agreement. Generally, "To show that he was prejudiced by his attorney's failure to initiate plea negotiations, [a defendant] must do more than speculate about potential benefits that he was denied; he must provide concrete evidence that a favorable plea offer would have been available to him." *Robles-Pantoja*, 2015 WL 13534221, at *4. There is nothing in the record to

---

[22] *Petitioner Edwin Martinez-Brilia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 334 at 7.

[23] *Petitioner Edwin Martinez-Brilia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 334 at 7 *and United States' Response to Martinez-Brilia's 28 U.S.C. § 2255 Motion*, Criminal Document No. 366 15–16.

14

indicate that the United States would have offered a plea agreement or that Martinez-Brilia would have been willing to accept or cooperate with the government. In fact, the record indicates Martinez-Brilia would likely not have been willing to cooperate based on his post arrest statements and the assertions he made in Claim One.[24] Accordingly, Martinez-Brilia's Claim Three fails under both prongs of *Strickland*. Therefore, the Court finds that Martinez-Brilia's Claim Three to Vacate under Section 2255 should be dismissed.[25] The Court now turns to Claim Four.

### 4.    *Claim Four*

Martinez-Brilia contends Appellate Counsel was ineffective by failing to seek a rehearing on direct appeal. The United States contends this claim is frivolous and fails under both Strickland prongs.

---

[24] The Court notes that the United States also contends that Martinez-Brilia received the statutory minimum sentence and as such cannot show a plea offer would have resulted in a shorter sentence. *See United States' Response to Martinez-Brilia's 28 U.S.C. § 2255 Motion*, Criminal Document No. 366 at 16–17.

[25] To the extent Martinez-Brilia contends Appellate Counsel should have raised Claim Three on direct appeal that argument also fails. "Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed." *United States v. Massey*, 79 F.4th 396, 401 (5th Cir. 2023). Additionally, as discussed above, indicates Martinez-Brilia was not prejudiced by Counsel's strategic decisions as it relates to Claim Three. Accordingly, Martinez-Brilia fails to show Appellate Counsel provided ineffective assistance of counsel as it relates to Claim Three.

Here, Martinez-Brilia asserts that Appellate Counsel failed to "seek a rearing adding claims that were not raised. . ."[26] Martinez-Brilia does not provide any detail regarding what new claims were available or what effect, if any, the claims would have on the outcome of his appeal. A party may not raise new claims in a petition for rehearing in a direct appeal. *See, e.g.*, *United States v. Hernandez-Gonzalez*, 405 F.3d 260, 261 (5th Cir. 2005) ("Absent extraordinary circumstances, this court will not consider issues raised for the first time in a petition for rehearing."). Additionally, On October 11, 2022, Appellate Counsel filed a motion to withdraw in the Fifth Circuit Court of Appeals, stating that "filing of a motion for rehearing or petition for writ of certiorari would be frivolous."[27] Accordingly, Martinez-Brilia has failed to show Appellate Counsel was constitutionally ineffective or that Appellate Counsel's actions prejudiced him. Therefore, Martinez-Brilia's Claim Four supporting his Section 2255 Motion should be dismissed. The Court now turns to Claim Five.

---

[26] *Petitioner Edwin Martinez-Brilia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 334 at 8.

[27] *United States' Response to Martinez-Brilia's 28 U.S.C. § 2255 Motion*, Criminal Document No. 366 17–18.

5.    *Claim Five*

Martinez-Brilia contends that Trial Counsel failed "to consider mitigating factors and present[] them to the court notwithstanding mental health issues and duress."[28] The United States contends the record refutes Martinez-Brilia's claim and that his claims are conclusory and fail as a matter of law.

In the final presentence report ("PSR"), Martinez-Brilia told the probation officer he had no history of mental or emotional health-related problems.[29] The record further indicates that Trial Counsel raised multiple mitigating factors, including the minor role Martinez-Brilia assumed as a mere getaway driver, the fact that he had no violent criminal history, and the fact that his criminal history was overstated.[30] The United States contends that the record, coupled with the vast evidence in this case, forecloses on Martinez-Brilia's claim that he received ineffective assistance from counsel or that the assistance prejudiced him. Additionally, the Court notes that Trial Counsel zealously argued and prevailed on a lesser sentence for Martinez-Brilia. The United States originally asked for a 346-month term of incarceration. However, this court granted a downward variance and

---

[28] *Petitioner Edwin Martinez-Brilia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 334 at 9.

[29] *Presentence Report*, Criminal Document No. 206 at ¶ 76.

[30] *Sentencing Transcript*, Criminal Document No. 288 at 9:17–18:4.

Sentenced Martinez-Brilia to 204 months.[31] Accordingly, Martinez-Brilia has failed to show that Trial Counsel was ineffective or that he was prejudiced by the assistance he did receive. Therefore, the Court finds that Martinez-Brilia's Claim Fiver to vacate under Section 2255 should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Petitioner Edwin Martinez-Brilia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 334) is **DENIED**. The Court further

**ORDERS** that Petitioner Edwin Martinez-Brilia Letter Requesting Documents (Criminal Document No. 355 is **DENIED**. The Court further

**ORDERS** that the Respondent United States' Response to Martinez-Brilia's 28 U.S.C. § 2255 Motion (Criminal Document No. 366) (moving to dismiss Martinez-Brilia's 2255 motion) is **GRANTED.**

---

[31] *Sentencing Transcript*, Criminal Document No. 288 at 18:24–20–2.

**THIS IS A FINAL JUDGMENT.**[32]

SIGNED at Houston, Texas, on this **27** day of July, 2023.

DAVID HITTNER
United States District Judge

---

[32] A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes reasonable jurists would not find its assessment of the claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petitioner should have been resolved in a different manner . . . ."). Because Martinez-Brilia does not allege facts showing his claim could be resolved in a different manner, a certificate of appealability will not be issued.